O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON, <br><br>           Petitioner, <br><br>      vs. <br><br> MARION E. SPEARMAN, Warden, <br><br>           Respondent. | CASE NO. CV 14-9835 JAK (RZ) <br><br> ORDER SUMMARILY DISMISSING HABEAS ACTION |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because Petitioner seeks a state-law-based resentencing for which he was and is plainly ineligible, the Court will dismiss this habeas petition summarily.

In 2004, having just been convicted of a "Third Strike" felony, namely a second degree (unarmed) robbery, Petitioner was sentenced to 30 years to life in prison. *See* Pet. ¶ 2. In 2012, California voters enacted Proposition 36, the Three Strikes Reform Act of 2012 (the Act or Prop 36). *See generally People v. Yearwood,* 213 Cal.App.4th 161, 167, 151 Cal.Rptr.3d 901 (2013). The Act permits some "Third Strike" prisoners to receive a "Second Strike" resentencing if they meet certain criteria. One such requirement

is that the most recent offense must not be a "serious" or "violent" felony as defined by CAL. PENAL CODE section 667.5(c) or section 1192.7(c). CAL. PENAL CODE § 1170.126(e)(1). Petitioner unsuccessfully petitioned for resentencing in the state courts and now seeks habeas relief in this Court. In his two enumerated claims, Petitioner asserts (1) that the trial court wrongfully excluded evidence, among other assertions, and (2) denied him equal protection of the laws because one named other person, allegedly similarly situated to Petitioner, was granted relief under the Act.

Petitioner's claims are plainly infirm because "any robbery" is included in the state's statutory listings of both "serious" and "violent" felonies. CAL. PENAL CODE §§ 667.5(c)(9) ("any robbery" is a "violent felony"), 1192.7(c)(19) ("robbery or bank robbery" is a "serious felony"). The trial court expressly relied upon this exclusion in rejecting Petitioner's bid for resentencing. *See* Ex. A to Mem. The state courts' rejection of resentencing relief, for which Petitioner was ineligible under the plain text of the Act, neither violated nor unreasonably applied any United States Supreme Court precedent. More specifically, Claim 1 is infirm because no wrongfully-excluded evidence, had it been admitted, could have changed the fact that Petitioner's third-strike robbery makes him ineligible for relief as a matter of law. Claim 2 is infirm because James Simon, the other person to whom Petitioner points as being "similarly situated" (and who did obtain Prop 36 resentencing), *most recently was convicted of possessing a controlled substance*, CAL. PENAL CODE § 11350(a), not robbery. *See* unpaginated exhibit to Request of Judicial Notice. Although Simon's crime is a felony, it is not among those listed as "violent" or "serious." He is not "similarly situated" to Petitioner. Habeas relief is unavailable.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: 1/13/15

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE